J-S69034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN PALACH, | |
| Appellant | No. 496 EDA 2015 |

Appeal from the PCRA Order of January 13, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002157-2005, CP-48-CR-0002158-2005, CP-48-CR-0002159-2005 and CP-48-CR-0002160-2005

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 14, 2015**

Appellant, John Palach, appeals, *pro se*, from the order entered on January 13, 2015, dismissing his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the facts and procedural posture underlying this appeal.  As the PCRA court explained:

> Following a jury trial [in October] 2005, [Appellant] was convicted of conspiracy to commit burglary, conspiracy to commit receiving stolen property, conspiracy to commit theft by unlawful taking, receiving stolen property, theft by unlawful taking, burglary, criminal trespass, conspiracy to commit criminal trespass, and use or possession of drug paraphernalia[,] for his involvement in a string of seven home burglaries.  [Appellant] was subsequently sentenced on February 22, 2006, to an aggregate period of 31 ½ to 63 years' imprisonment.   [Appellant] filed [a] timely post-sentence motion[,] wherein he alleged, among other things[,] that[] his sentence was excessive.

On August 2, 2006, the [trial court] . . . grant[ed] [Appellant's] motion in part and den[ied] it in part. Specifically[,] the [trial] court reduced [Appellant's] aggregate sentence to 12 to 24 years' imprisonment in light of the post-sentence revelation that [Appellant's] co-defendant, Lloyd Philhower, who was the undisputed ringleader of the burglaries, only received an aggregate term of [ten] to 20 years' imprisonment for his participation in all [of] the burglaries pursuant to a negotiated guilty plea. In all other respects, [Appellant's] post-sentence motion was denied.

[Appellant] filed a direct appeal to the Superior Court of Pennsylvania[,] which affirmed [his] judgment of sentence on November 21, 2007. **See Commonwealth v. Palach**, [944 A.2d 797 (Pa. Super. 2007) (unpublished memorandum) at 1-9, *appeal denied*, 982 A.2d 65 (Pa. 2009)]. [Appellant] did not [immediately] file a petition for allowance of appeal with the [Pennsylvania] Supreme Court. . . .

On July 14, 2008, [Appellant] filed a number of *pro se* documents, which were ultimately treated as a PCRA petition. On February 18, 2009, [the PCRA] court reinstated [Appellant's] [] right[] to [file a] petition for allowance of appeal with the [Pennsylvania] Supreme Court. The Supreme Court denied [Appellant's petition for allowance of appeal] on August 4, 2009. . . . [Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court] and, on November 3, 2009, [Appellant's] judgment of sentence became final. . . .

[On] January 21, 2010, [Appellant] filed a timely *pro se* PCRA petition. Counsel was appointed[. However, on October 21, 2010, the PCRA court dismissed Appellant's PCRA petition and, on March 9, 2012, the Superior Court affirmed the PCRA court's order. **Commonwealth v. Palach**, 47 A.3d 1238 (Pa. Super. 2012) (unpublished memorandum) at 1-8. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court].

[Appellant] filed the instant PCRA petition, his second, . . . on July 25, 2012. . . .

PCRA Court Opinion, 6/9/15, at 1-4 (some internal citations and capitalization omitted).

Within his second PCRA petition, Appellant claimed that he was entitled to an "absolute discharge" because he was tried by a court that did not have subject matter jurisdiction. Appellant's "Petition for a Writ of *Habeas Corpus* Seeking Absolute Discharge," 7/25/12, at 1-2. Appellant later filed an amended second PCRA petition, wherein Appellant raised a boilerplate claim that all prior counsel had provided him with ineffective assistance. **See** Appellant's Response and Opposition to Oder of Court Dated August 9, 2012, 8/31/12, at 1-2.

Following the appointment and withdrawal of two separate attorneys, the PCRA court appointed another attorney to represent Appellant. However, on November 18, 2014, appointed counsel filed a "no merit" letter and a petition to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 15, 2014, the PCRA court granted counsel's petition to withdraw and provided Appellant with notice that it intended to dismiss Appellant's PCRA petition in 20 days, without holding a hearing. PCRA Court Order, 12/15/14, at 1; **see also** Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on January 13, 2015.

After Appellant filed his timely, *pro se* notice of appeal, the PCRA court ordered Appellant to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant, however, did not file a Rule 1925(b) statement.

We conclude that the PCRA court properly dismissed Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a

- 4 -

petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final on November 3, 2009, when his time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** U.S.Sup.Ct.R. 13(1). As Appellant did not file his current petition until July 25, 2012, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

In the case at bar, Appellant did not properly plead any exception to the PCRA's one-year time-bar. Further, to the extent Appellant attempted to raise a boilerplate claim that he was entitled to relief because his first PCRA counsel was ineffective, we note that Appellant filed his current PCRA petition more than 100 days after we affirmed the PCRA court's order that dismissed Appellant's first PCRA petition. Thus, to the extent Appellant's

current ineffective assistance of counsel claim constitutes "newly discovered facts," the claim fails because it was not brought "within 60 days of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2).

We conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Ford Elliott, P.J.E., joins.

Gantman, P.J., concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015